UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HERMAN MOLLISON,            )
                            )
    Petitioner,            )
                            )
v.                          )       Case No. 05-1211
                            )
UNITED STATES OF AMERICA,   )
                            )
    Respondent.            )

# O R D E R

Before the Court is Herman Mollison's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. # 1]. In January 2004, this Court sentenced Mollison to 210 months imprisonment on a drug charge. Mollison did not appeal his conviction or sentence and has not previously made a challenge under section 2255. In the instant motion, filed on July 26, 2005, Mollison claims that he is actually innocent because he was entrapped by law enforcement into participating in the drug transaction. He argues that his actual innocence claim "eliminates the one year time limit in which to file said [section 2255] motion."

The issue here is whether Mollison's motion was filed within the one-year statute of limitations as set forth by 28 U.S.C. § 2255. In pertinent part, that section states:

    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a

>motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mollison has not alleged any impediment was created by the government which prevented him from filing his motion within one year of the date his conviction became final, nor has he alleged any change in the law or newly discovered evidence to support his claims.

Moreover, even assuming Mollison's actual innocence claim is viable, the Seventh Circuit has held that to toll the statute of limitations period of a postconviction petition based on actual innocence a petitioner must show action or inaction on the part of the government which prevented him from discovering relevant facts. See Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) ("We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.") Mollison has asserted

nothing to suggest this happened here.  To the contrary, it appears Mollison would have been aware of all of the relevant facts prior to his guilty plea.

Accordingly, the Court finds Mollison's motion is untimely.

IT IS THEREFORE ORDERED that Herman Mollison's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. # 1] is DENIED.

CASE TERMINATED.


ENTERED this ___28th___ day of July, 2005.


                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                       United States District Judge